

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2006

# Smart v. McGreevey

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2796

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smart v. McGreevey" (2006). *2006 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-2796
_____

SALAHUDDIN F. SMART, Appellant

v.

JAMES E. McGREEVEY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04424)
District Judge:  Honorable Anne E. Thompson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
NOVEMBER 14, 2006
Before:   SLOVITER, MCKEE AND AMBRO, Circuit Judges.

(Filed   November 22, 2006 )
_____

OPINION
_____

PER CURIAM

New Jersey resident Salahuddin F. Smart filed an action in the District Court

against James McGreevey, the former Governor of New Jersey.  In his complaint, Smart

alleged that McGreevey's refusal to vacate the Office of Governor deprived Smart of his

constitutional right to vote and right to substantive due process.  Smart also alleged state

law claims of breach of fiduciary duty, breach of contract, and intentional infliction of emotional pain and suffering. On June 23, 2005, the District Court granted McGreevey's motion to dismiss the federal claims as moot in light of our decision in Afran v. McGreevey, No. 04-3791, 2004 WL 2309897 (3d Cir. Oct. 13, 2004). The District Court declined to exercise supplemental jurisdiction over Smart's state law claims.

Nine months later, on March 20, 2006, Smart filed in the District Court a document captioned "Motion to Reinstate Complaint" purportedly pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Smart asserted in this motion that the District Court's prior judgment was defective and invalid because our decision in Afran did not address the factual allegations of Smart's complaint. The District Court treated the motion as seeking reconsideration under Local Civil Rule 7.1(i) and denied it as both untimely and failing to state a basis for reconsideration. Smart appeals.

We will affirm the District Court's order denying Smart's post-judgment motion.[1] While we do not necessarily share the District Court's view that Smart's motion sought reconsideration under the local rule, we agree with the District Court that Smart has presented no basis for granting relief from the prior judgment. To the extent that Smart

---

[1]    We have jurisdiction to review the order denying Smart's post-judgment motion under 28 U.S.C. § 1291. We do not review the District Court's order dismissing Smart's complaint because he did not file a timely notice of appeal from that order. See Fed. R. App. P. 4(a)(1)(A). Smart's post-judgment motion – filed nine months after the District Court entered its judgment dismissing the complaint – did not delay, extend, or toll the time to appeal. See Fed. R. App. P. 4(a)(4)(A).

2

attempted to invoke Fed. R. Civ. P. 60(b)(4), he has failed to raise any colorable argument that the District Court's judgment is void.  See Marshall v. Bd. of Educ., Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir. 1978) (stating that a judgment is void if the court rendering it lacked jurisdiction, for example, but not void simply because it is erroneous).

Additionally, to the extent that Smart may have been seeking relief under any of the other prongs of Rule 60(b), the District Court did not abuse its discretion in denying the motion.  Smart's motion does not demonstrate any clearly erroneous findings of fact, erroneous conclusions of law, or misapplications of law to fact.  See Reform Party of Allegheny County v. Allegheny County Dep't of Elections, 174 F.3d 305, 311 (3d Cir. 1999) (en banc).  At best, Smart's motion demonstrates his dissatisfaction with the District Court's decision and with New Jersey politics generally.  Rule 60(b) does not provide relief from a judgment for either of these reasons.

For these reasons, we will affirm the District Court's order denying Smart's motion for relief from the judgment.